**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2111
_____

UNITED STATES OF AMERICA

v.

SHAKEY HOOVER, a/k/a SHAKIE SCOTT,
a/k/a DAVID SHEPPARD,

Appellant

Appeal from the United States District Court
for the District of New Jersey
(District Court No. 2-17-cr-00525-001)
District Judge: Honorable Stanley R. Chesler

Submitted under Third Circuit L.A.R. 34.1(a)
on August 30, 2021
Before: AMBRO, RESTREPO, and RENDELL, Circuit Judges
(Opinion filed: September 2, 2021)

OPINION[*]

AMBRO, Circuit Judge

Shakey Hoover appeals the District Court's denials of his suppression and new-trial

motions. For the reasons stated below, we affirm.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**I.**

In April 2017, police responded to an incident in which Hoover allegedly pointed a gun at an acquaintance outside the multi-unit building where he lived. According to a responding officer, Hoover's girlfriend led police inside the building to a hallway in a common area just outside his unit.[1] There, in a hole in the wall, police found a gun that matched the description of the one Hoover allegedly used. It had one of Hoover's fingerprints on it.

A federal grand jury indicted Hoover on one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). He moved to suppress the gun, contending that law enforcement's search of the common areas of his building violated the Fourth Amendment. The District Court denied the motion.

Hoover then proceeded to trial, where he and the Government stipulated that he had been convicted of a crime punishable by more than a year's imprisonment. The jury ultimately found him guilty. Several months later, Hoover moved for a new trial under Federal Rule of Criminal Procedure 33. He argued that the stipulation as to his felon status was insufficient to support his conviction under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), which was decided after his trial. The District Court denied that motion as well,

---

[1] Hoover appears to dispute whether his girlfriend actually consented to the officers' entry into the building. But we agree with the District Court that consent is immaterial to our analysis because, as we explain later, he did not have a reasonable expectation of privacy in the building's common areas.

and later sentenced Hoover to, among other things, 120 months' imprisonment. He now challenges the Court's denials of both his suppression motion and his motion for new trial.[2]

## II.

### A.    Suppression Motion

Hoover first renews his argument that the District Court erred in admitting into evidence the gun that police found in a hallway outside his rental unit. Yet he conceded before the District Court that police found the gun in a common area accessible to all tenants in the building. That is fatal to his claim.

To invoke the Fourth Amendment's protections successfully, Hoover must show that he had a reasonable expectation of privacy in the place searched. *United States v. Correa*, 653 F.3d 187, 190 (3d Cir. 2011). And we have squarely held that a resident in a multi-unit building does not have a reasonable expectation of privacy in common areas of the building. *Id.* at 190–91; *see also United States v. Acosta*, 965 F.2d 1248, 1252–53 (3d Cir. 1992). Hoover, seemingly conceding that the law is not on his side, argues that these cases create an unconstitutional bright-line rule that does not consider the totality of the circumstances. We disagree. And in any event we are bound by previous precedential panel decisions absent *en banc* review. 3d Cir. I.O.P. 9.1.

---

[2] The District Court had subject-matter jurisdiction under 18 U.S.C. § 3231, and we have appellate jurisdiction under 28 U.S.C. § 1291.

3

**B.      Motion for New Trial**

Hoover also argues the District Court erred in denying his Rule 33 motion for new trial.[3]   We agree that his trial was deficient under *Rehaif*, 139 S. Ct. at 2200, as the Government failed to prove that he knew he was a felon (meaning someone who was convicted of a crime punishable by more than one year in prison) at the time he possessed the firearm at issue. *See Greer v. United States*, 141 S. Ct. 2090, 2095 (2021).  But because Hoover did not make that objection at trial, we review for plain error only. *See United States v. Vosburgh*, 602 F.3d 512, 531 (3d Cir. 2010) (applying plain-error review to an objection raised for the first time in a post-trial motion).

In this context, a defendant must show (among other things) that, but for the *Rehaif* error, "there is a reasonable probability that he would have been acquitted." *Greer*, 141 S. Ct. at 2097 (internal quotation marks omitted).  But "[i]f a person is a felon, he ordinarily knows he is a felon," *id.*, and Hoover has no evidence that his case is extraordinary.  He points only to a psychological evaluation concluding that he has some diminished mental capacity.  The evaluation demonstrates, however, that he remembered many details of his criminal record, including multiple multi-year prison sentences.  App. at 5 (noting, among other things, that he recalled receiving at least two three-year sentences and being incarcerated "from 2007 to 2013").  As Hoover does not have any other supporting evidence, and his presentence report confirms his felon status, he cannot show a reasonable probability that the jury would have acquitted him. *See Greer*, 141 S. Ct. at 2098 (noting

---

[3] He contends on appeal that his motion for new trial was timely despite having been filed after the ordinary deadline for such motions.  Because his motion fails on the merits, we assume (as the District Court appears to have done) that it was timely.

that we "may consider the *entire* record" on plain-error review, "including information contained in a pre-sentence report" (emphasis in original)).

\* \* \* \* \*

We thus affirm the judgment of the District Court.